**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 4:06cr85

JEROME LEROY ROBERTSON,

      Defendant.


<u>ORDER</u>

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on July 25, 2006, on the United States Government's motion to detain Defendant.  The Court FINDS that the following facts mandate Defendant's detention pending his trial.

    On June 29, 2006, a federal grand jury issued an indictment charging Defendant with two (2) criminal counts, including robbery of a business engaged in interstate commerce, in violation of 18 U.S.C. § 1951; and use of a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant having been indicted, a statutorily-rebuttable presumption in favor of detention applies in this case because one or more of the charged offenses involves a firearm charge described under 18 U.S.C. § 924(c). <u>See</u> 18 U.S.C. § 3142(e).

    Both the Government and Defendant, by counsel, proceeded by proffer of evidence and each offered argument.  The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report, the grand jury indictment of June 29, 2006, and

the statutory presumption in favor of detention,[1] FINDS by clear and convincing evidence that Defendant is a danger to the community. The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and seriousness of the charges faced by Defendant. The allegations of Defendant's misconduct include the use of a firearm in the commission of a series of violent robberies of auto parts stores in the local area, which the Court deems serious. In each robbery, a firearm was used to forcibly herd employees and other persons together to further the commission of the robbery. The Government's proffer indicates at least five (5) such robberies occurred during 2005 and 2006, and, on one occasion a female victim was sexually molested by one of the perpetrators of the robberies. Defendant apparently made admissions regarding his role in each of the robberies, and he identified his co-defendant as having been the sexual molester of the female victim. If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties and fines on these charges, including as much as twenty (20) years imprisonment,

---

[1]The Court notes that Defendant did proffer at least some evidence to rebut the statutory presumption in favor of detention, but that presumption still remains a factor to be considered by the Court in evaluating whether Defendant should be detained. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (holding that "rebutted presumption retains evidentiary weight").

in addition to a mandatory minimum term of seven (7) years for brandishing, and a fine of $250,000.

The weight of the evidence against Defendant is strong. The Government's proffer indicates that Defendant, after having been properly <u>Mirandized</u>, has admitted his role in these violent acts. Also, the investigating authorities have apparently recovered various pieces of evidence that tie this Defendant to the crimes alleged.

The Court next considered the personal history and characteristics of Defendant. Defendant appears to be a lifelong resident of Hampton Roads, Virginia with significant ties to the local area. Defendant appears to have no current source of income, no liabilities and minimal assets. Defendant apparently has prospects for gainful employment were he to be released on terms and conditions. The Court notes that Defendant's parents were in attendance at the hearing, and that his mother appeared to be a suitable third-party custodian. Based on the foregoing, the Court does not find by a preponderance of evidence that Defendant represents a risk of flight.

The Court is particularly concerned, however, with the serial nature of Defendant's criminal activities, which reflect Defendant's complete disregard for following the law. This behavior, taken in conjunction with the severity and inherently-violent nature of the instant charges, leads the Court to conclude

that Defendant would not likely abide by any terms and conditions that the Court might fashion to ensure the safety of the community.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

                                              /s/
_____   _____
                                        F. Bradford Stillman
                                        United States Magistrate Judge

Norfolk, Virginia

July 26, 2006

5